JUDGE BATTS

11 CIV 4986

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED
JUL 20 2011
U.S.D.C. S.D.N.Y.
CASHIERS

| | |
|---|---|
| DENNIS KHUTORETSKY, MIKHAIL LIRMAN, and BORIS SHULMAN on behalf of themselves and all others similarly situated, | Case No. |
| Plaintiffs, | COMPLAINT |
| v. | FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION |
| J.P. MORGAN CHASE & CO., | JURY TRIAL DEMANDED |
| Defendant. | |

Plaintiffs, on behalf of themselves and all others similarly situated, by their undersigned attorneys, allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs were employed as full-time employees of Defendant J.P. Morgan Chase & Co. in the positions of Personal Banker, non-exempt, hourly positions subject to the overtime provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), New York Labor Law, Article 19, §§ 650 *et seq.* ("NYLL"), and supporting New York State Department of Labor regulations.

2. Defendant has willfully engaged in a pattern, practice, and policy of unlawful conduct by failing to record, credit, or compensate its Personal Bankers for work which Defendant has effectively required and/or permitted such employees to work in excess of 40 per week.

3. Defendant's pattern, practice, and policy of requiring or permitting overtime work without compensation has violated its employees' rights under the FLSA, the NYLL, and supporting New York State Department of Labor regulations.

4. Plaintiffs bring this action as on behalf of themselves and similarly situated current and former employees who elect to opt in to this action pursuant to the FLSA, and specifically, the collective action provision of 29 U.S.C. § 216(b) to remedy violations of the overtime provisions of the FLSA by Defendant that have deprived Plaintiffs and others similarly situated of their lawfully earned wages.

5. Plaintiffs also bring this action on behalf of themselves and similarly situated current and former employees who work(ed) at any New York location pursuant to Fed. R. Civ. P. 23 to remedy violations of the NYLL and supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

6. This Court has original federal question under 28 U.S.C. § 1331 because this case is brought under the FLSA. This Court has supplemental jurisdiction over the New York state law claims as they are so related to the claims in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7. Upon information and belief, the amount in controversy in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

8. Upon information and belief, at least one member of the proposed class is a citizen of a state different from that of Defendant.

9. Plaintiffs' claims involve matters of national or interstate interest.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant does substantial business in this District and because a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this District.

## THE PARTIES

11. Defendant J.P. Morgan Chase & Co. ("Defendant" or "Chase") is a Delaware Corporation with its principal place of business in New York. Chase is a financial services company that operates thousands of bank branches in the United States. Chase is engaged in commerce, and its annual gross volume of sales made or business done exceeds $500,000.

12. Plaintiff Dennis Khutoretsky was employed by Chase as a Personal Banker at two Manhattan branches, one from in or around July 2007 until in or around September 2008 and the other from in or around November 2009 until in or around November 2010.

13. Plaintiff Mikhail Lirman was employed by Chase as a Personal Banker at a midtown Manhattan branch from in or around June 2006 until in or around April 2008.

14. Plaintiff Boris Shulman was employed by Chase as a Personal Banker at Defendant's 305 Seventh Avenue Manhattan branch, from approximately September 2007 until June 29, 2011.

## FLSA COLLECTIVE ACTION ALLEGATIONS

15. Plaintiffs bring the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all Chase employees who were employed as Personal Bankers at any United States location on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective").

16. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions,

and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay them at least one-and-one-half times their regular rates for work in excess of forty (40) hours per workweek. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

17. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendant. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendant.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

18. Plaintiffs bring the Second Claim for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all Chase employees who were employed as Personal Bankers at any New York location on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

19. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under F.R.C.P. 23.

20. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the

precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant, upon information and belief, there are significantly more than forty (40) members in the New York Class.

21. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate policies and practices of Defendant, as alleged herein, of willfully failing and refusing to properly pay them for all hours worked and at least one-and-one-half times their regular rates for work in excess of forty (40) hours per workweek. Defendant's corporate-wide policies and practices affected all Class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

22. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in employment and wage and hour litigation and class action litigation and have many times previously represented plaintiffs in wage and hour class cases.

23. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions

engender. Because the losses, injuries and damages suffered by each of the individual Class members are relatively small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

24. Upon information and belief, Defendant and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

25. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Class members are exempt from the overtime provisions of the NYLL and supporting regulations;

b. Whether Defendant failed to pay Class members at least one-and-one-half times their regular rates for work in excess of forty (40) hours per workweek;

c. Whether Class members are entitled to damages, and if so, the means of measuring such damages; and

d. Whether Defendant is liable for liquidated damages.

## FACTUAL ALLEGATIONS

26. Plaintiffs' consent to sue forms are attached hereto as Exhibit A.

27. The Personal Banker positions constitute the primary sales-force selling Chase's financial products and services to the general public in Chase branches.

28. Throughout the period of time covered by this lawsuit, Defendant has used the same job description, operating policies and human resources policies and practices for its Personal Bankers in all Chase branches throughout the United States.

29. Throughout the period of time covered by this lawsuit, Defendant has used the same job description, operating policies and human resources policies and practices for its Personal Bankers in all Chase branches throughout the United States.

30. Throughout the period of time covered by this lawsuit, Defendant has compensated its Personal Bankers on an hourly basis and pursuant to uniform policies, procedures, practices and standards.

31. Throughout the period of time covered by this lawsuit, Defendant has used the same practices, procedures, computer software and forms to set the work schedules for all of its Personal Bankers throughout the United States.

32. Chase branch/operations managers have been required to draft and post weekly work schedules for non-exempt employees such as Personal Bankers. These schedules set forth Personal Bankers' scheduled workdays and work hours. Managers do not typically schedule Personal Bankers to work more than 40 hours per week.

33. However, Plaintiffs and, upon information and belief, FLSA Collective members and Class members, routinely worked in excess of 45-50 hours per week. Plaintiffs and other Personal Bankers were often required to work through their lunch-break and to remain at work after their scheduled shifts to attend meetings with their branch managers. Plaintiffs and other Personal Bankers often had to remain at work after their scheduled shifts and sometimes come to work on scheduled days off to engage in additional promotional work for Defendant.

34. Defendant strictly monitored any significant payment of overtime by its branches. Defendant counseled branch managers not to pay significant overtime and reprimanded them for doing so. Upon information and belief, Defendant treated significant payment of overtime by a Chase branch as an act of poor performance by the branch manager which was reflected negatively in the offending branch manager's performance evaluations and compensation.

35. Chase required branch managers to sign off on employees' time sheets, and the branch managers uniformly refused to sign off on any time sheets that included overtime. In fact, Plaintiffs' branch managers instructed them and all other Personal Bankers to exclude all overtime worked when submitting their time sheets at the end of each week.

36. As a result of the above uniform practice and policy, Personal Bankers were seldom, if ever, paid for overtime, even though they routinely worked overtime.

37. Upon information and belief, Defendant knew or recklessly disregarded the fact that it was illegal not to pay Plaintiffs, FLSA Collective members, and Class members for all hours worked, including overtime.

38. Defendant willfully committed the foregoing acts against Plaintiffs, the FLSA Collective, the New York Class.

## FIRST CAUSE OF ACTION
### (FLSA Overtime Violations, 29 U.S.C. § 207
### Brought by Plaintiffs on Behalf of Themselves
### and the FLSA Collective)

39. Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

40. At all times relevant to the present action, Defendant was and continues to be an "employer" engaged in interstate commerce within the meaning of the FLSA and employed Plaintiffs and each member of the FLSA Collective within the meaning of the FLSA.

41. At all relevant times, Defendant operated under a policy and practice of refusing to pay overtime compensation to Personal Bankers for the hours they worked in excess of 40 hours per week and demanding, encouraging, allowing, suffering and/or knowingly permitting the FLSA Collective members to work off-the-clock.

42. At all relevant times, Defendant willfully, regularly and repeatedly failed to pay Plaintiffs and the FLSA Collective members at the required overtime rate of one-and-one-half times their regular rate for hours worked in excess of forty (40) hours per workweek.

43. Plaintiffs, on behalf of themselves and the FLSA Collective members, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CAUSE OF ACTION
(New York Overtime Violations, N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2
Brought by Plaintiffs on Behalf of Themselves and the Class)

44. Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

45. At all relevant times, Defendant operated under a policy and practice of refusing to pay overtime compensation to Plaintiffs and the Class members for the hours they worked in excess of 40 hours per week and demanding, encouraging, allowing, suffering and/or knowingly permitting Plaintiffs and the Class members to work off-the-clock.

46. At all relevant times, Defendant willfully, regularly and repeatedly failed to pay Plaintiffs and the Class members at the required overtime rate of one-and-one-half times their regular rate for hours worked in excess of forty (40) hours per workweek.

47. Plaintiffs, on behalf of themselves and the Class members, seek damages in the amount of their respective unpaid compensation, liquidated damages as provided for by the New York Labor Law, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**WHEREFORE,** Plaintiffs pray for:

A.  A Declaration that Defendant has violated the FLSA and other applicable employment laws;

B.  Designation of this action as a collective action on behalf of the FLSA Collective members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

C.  Designation of Plaintiffs as Representatives of the FLSA Collective members;

D.  Designation of Plaintiff's Counsel as Class Counsel for the FLSA Collective members and for the Rule 23 New York.

E.  Designation of this action as a class action pursuant to F.R.C.P. 23;

F.  Designation of Plaintiffs as Representatives of the Class;

G.  An award of damages, according to proof, including liquidated damages, to be paid by Defendant;

H.  Penalties available under applicable laws;

I.  Costs of action incurred herein, including expert fees;

J.  Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes

K.  Pre-Judgment and post-judgment interest, as provided by law; and

L.  Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all causes of action and claims with respect to which they have a right to a jury trial.

Dated: New York, New York
July 20, 2011

Respectfully submitted,

**JOSEPH, HERZFELD, HESTER & KIRSCHENBAUM LLP**

_____
D. Maimon Kirschenbaum
233 Broadway
5th Floor
New York, New York 10279
Telephone: 212-688-5640
Facsimile: 212-688-2548
maimon@jhllp.com

**HARRISON, HARRISON & ASSOCIATES, LTD.**
David Harrison
14 Tindall Road,
Middletown, NJ 07748
Telephone: 718-799-9111
Facsimile: 718-799-9171
nycotlaw@gmail.com

*Attorneys for Plaintiffs, proposed FLSA Collective members, and proposed Class members*